﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200415-78783
DATE: April 30, 2021

ORDER

Entitlement to an effective date of January 7, 2019 for the award of service connection for a left knee disability is granted.

FINDING OF FACT

The Veteran filed his initial claim of entitlement to service connection for a left knee disability on January 7, 2019, and he has continuously pursued his claim by filing a supplemental claim within one year of a May 2019 rating decision.

CONCLUSION OF LAW

The criteria for an effective date of January 7, 2019 are met. 38 U.S.C. § 5110(a)(2); 38 C.F.R. §§ 3.1, 3.103, 3.104, 3.307, 3.309, 3.2500, 20.301.

 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from July 1981 to August 1985, from January 1989 to January 1995, and from October 2001 to June 2003.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with Depart of Veterans Affairs’ (VA) decision on their claim to seek review.

The Veteran’s appeal comes to the Board of Veterans’ Appeals (the Board) from a March 2020 rating decision granting service connection for a left knee disability and assigning a 10 percent rating from December 10, 2019, the date VA received the Veteran’s supplemental claim. The Veteran filed a Decision Review Request: Board Appeal (Notice of Disagreement) in March 2020. The Veteran elected the Board’s direct docket. Thus, the Board’s review is based on the evidence of record as of the March 2020 rating decision. See 38 C.F.R. § 20.301.

Entitlement to an Earlier Effective Date for the Award of Service Connection for a Left Knee Disability

In a statement accompanying his March 2020 Notice of Disagreement and in an April 2021 statement from his representative, the Veteran contends that he is entitled to an effective date of January 7, 2019, for the award of service connection for a left knee disability. They state that January 7, 2019 was the date VA received his petition to reopen his claim of service connection. The Board agrees.

For appeals governed by the AMA, 38 C.F.R. § 3.2500(h) controls the assignment of effective dates. Under that provision, the effective date will be the date VA received a veteran’s initial claim or the date entitlement arose, whichever is later, if a veteran continuously pursues an issue by timely filing in succession any of the available review options as specified in § 3.2500(c) within one year of the issuance of the decision. 38 C.F.R. § 3.2500 (h). Applicable laws and regulations define an initial claim as any complete claim, other than a supplemental claim, for a benefit on a form prescribed by the Secretary. Id. § 3.1(p)(1). A first initial claim for one or more benefits received by VA is further defined as an original claim. Id. § 3.160(b).

Though not his original claim for service connection for a left knee disorder, VA received the Veteran’s initial claim for entitlement to service connection for a left knee disorder on January 7, 2019. The AOJ denied the Veteran’s claim in a May 2019 rating decision. The Veteran continued to purse his claim following the May 2019 rating decision by filing his supplemental claim on December 10, 2019, within one year of that rating decision. In so doing, the Veteran’s preserved a January 7, 2019 effective date for the grant of service connection. See 38 C.F.R. § 3.2500(c), (h). Thus, the Board concludes that the Veteran is entitled to service connection for a left knee disorder effective January 7, 2019, the date VA received his initial claim for service connection for a left knee disorder. See 38 U.S.C. § 5110; 38 C.F.R. §§ 3.307, 3.309, 3.2500(h).

 

 

MICHAEL A. HERMAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Douglas M. Humphrey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.